UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

USA,

        Plaintiff(s),                      No. CR 05-00483 PJH

  v.                                    **ORDER FOR PRETRIAL PREPARATION FOR CRIMINAL JURY TRIAL**

LAKATOS,

        Defendant(s).

_____/

Good cause appearing, it is hereby ordered that:

1.     <u>TRIAL DATE</u>

      a.     Jury trial will begin on **April 17, 2006**, at 8:30 a.m., in Courtroom 3, 17th Floor, 450 Golden Gate Avenue, San Francisco, California.

      b.     The length of trial will not be more than 4 days.

2.     <u>DISCOVERY</u>

Both sides shall comply with the Federal Rules of Criminal Procedure, and the United States shall comply with <u>Brady v. Maryland</u>, 373 U.S. 83 (1963) and <u>United States v. Agurs</u>, 427 U.S. 97 (1976).

3.     <u>PRETRIAL CONFERENCE</u>

      a.     A pretrial conference will be held on **April 5, 2006**, at 1:30 p.m., in Courtroom 3, 17th Floor.  The attorneys who will try the case shall attend the conference and be prepared to discuss the matters set forth in Criminal Local Rule 17.1-1.

      b.     **Not less than ten (10) court days** prior to the pretrial conference, counsel shall comply with Crim. L. R. 17.1-1(b) including filing pretrial statements.

      c.     **Not less than ten (10) court days** prior to the pretrial conference motions <u>in limine</u> shall be filed and noticed for hearing at the conference.

1          d.      **Not less than five (5) court days** prior to the pretrial conference responses to motions <u>in limine</u> and any objections to proposed evidence shall be filed.  No replies are permitted unless requested by the court.

4          e.      The attached juror questionnaire will be given to the venire members and copies of the responses will be made available to counsel at the beginning of voir dire.  A list of additional questions to be asked by the Court is attached.  Counsel shall submit an agreed upon set of any additional voir dire questions to be posed by the Court.  Any voir dire questions on which counsel cannot agree may be submitted separately.  Counsel will be allowed brief follow-up voir dire after the Court's questioning.  **Proposed voir dire questions must be submitted not less than ten (10) court days prior to the date of the pretrial conference**.

11         f.      Jury instructions 1.1 through 1.12, 2.1 through 2.2, 3.1 through 3.9, and 7.1 through 7.6 from the <u>Manual of Model Criminal Jury Instructions for the Ninth Circuit</u> (2000 Edition) will be given absent objection.  Counsel shall submit an agreed upon set of case specific instructions, using the Ninth Circuit Manual where possible.  Any instructions on which counsel cannot agree may be submitted separately.  Each requested instruction shall be typed in full on a separate page with citations to the authority upon which it is based <u>and</u> a reference to the party submitting it.  A second blind copy of each instruction shall also be submitted omitting the citation to authority and the reference to the submitting party.

19         g.      A proposed form of verdict omitting reference to the submitting party shall be filed by each party.  **Proposed instructions and verdict forms must be submitted not less than ten (10) court days prior to the date of the pretrial conference**.

22         h.      <u>Jury Selection</u> shall proceed as follows:  The Jury Commissioner will summon 35 to 40 prospective jurors.  The Courtroom Deputy will select their names at random and seat them in the courtroom in the order in which their names are called.  Voir dire will be conducted of sufficient venire members so that twelve (plus a sufficient number for alternates) will remain after all peremptory challenges and an anticipated number of hardship dismissals and cause challenges have been made.

           The court will then take cause challenges and discuss hardship claims (which

were not previously granted) at side bar.  The court will inform counsel which hardship claims and cause challenges will be granted, but will not announce those dismissals until the selection process is completed.  Peremptory challenges will be made in writing and passed between counsel in accordance with Crim. L. R. 24-2 and 24-3.  The court will strike at one time those with meritorious hardship claims, those excused for cause, and those challenged peremptorily, and then seat the first twelve people (plus alternates) remaining in numerical order.

      i.    **Courtesy copies of all documents shall be delivered to chambers at the time of filing.**

IT IS SO ORDERED.

Dated: February 2, 2006

_____
PHYLLIS J. HAMILTON
United States District Judge

## **CRIMINAL VOIR DIRE**

1. Do you know any of the parties or attorneys in this case?
2. The witnesses are expected to be: [read list]. Do you know any of these people?
3. Where do you live? How long have you lived there?
4. Do you rent or own your own home?
5. What was your place of birth?
6. What is your marital status?
7. What is your occupation, and how long have you worked in it? (If you are retired, please describe your main occupation when you were working).
8. Who is (or was) your employer?
9. How long have you worked for this employer?
10. If you are married, what is your spouse's occupation?
11. If you have children, what are their ages and sex and, if they are employed, what are their occupations?
12. Please describe your educational background.
13. Have you ever had jury experience? Number of times? Was it in State Court or Federal Court? When? Was it a civil or criminal case? Did any of the juries reach a verdict?
14. Have you worked as a law enforcement officer or had close friends or relatives who have? If yes, how often do you see him or her? Do you discuss his or her work? Would the relationship cause you to have difficulties being a fair juror?
15. Would you find the testimony of a police officer more or less believable than that of another witness because of his or her occupation?
16. Have you served in the military? If yes, did you serve in the military police or on court martials?
17. Have you, or a close friend or relative, been the victim of or a witness to a crime?
18. [If requested] Would the defendant's race make it difficult for you to be a fair juror?
19. Do you understand the principles that a defendant in a criminal case is presumed to be innocent unless proven guilty and that the burden of proof is upon the government to prove guilt beyond a reasonable doubt before there can be a conviction?
20. Do you disagree with those principles?

21. Do you understand that this means that the defendant need not prove his innocence, need not call any witnesses, and need not testify himself?

22. Would you be able to follow the Court's instruction not to draw an inference of guilt if the defendant chose not to testify?

23. Can you think of any reason at all that would make it difficult for you to be a fair juror in this case?

## CONFIDENTIAL

## JUROR QUESTIONNAIRE

Please fill out this form as completely as possible and print clearly. This will assist the judge and the lawyers in selecting a jury and will save time for them and for you. Because copies will be made for the attorneys and the judge, do not write on the back of any page. If you need more room, continue at the bottom of the page. Thank you for your cooperation.

1. Your name: _____

2. Your age: _____

3. City in which you reside: _____

4. If you have lived there for fewer than five years, where did you live before:
   _____

5. Your place of birth: _____

6. Do you rent or own your own home? _____

7. Your marital status:  (circle one)

   single     married     separated     divorced     widowed

8. What is your occupation and how long have you worked in it?
   (If you are retired, please describe your main occupation when you were working).
   _____
   _____

9. Who is (or was) your employer? _____

10. If you have held this job for fewer than five years, describe your previous job:
    _____

11. If you are married, please list your spouse's occupation.
    _____

12. If you have children, please list their ages and genders and, if they are employed, please give their occupations.
    _____
    _____
    _____

6

13. Please describe your education background:

    Highest grade completed: _____

    College and/or vocational schools you have attended:

    _____

    _____

    _____

    Major areas of study: _____

14. Have you served in the military? _____

15. Have you, any member of your family, or close friend ever been employed by a law enforcement agency? _____

16. Have you ever had jury experience? _____ No. of times? _____

    If yes: State/County Court _____ Federal Court _____

    When? _____

    Was it a civil or criminal case? _____

    Did any of the juries reach a verdict? _____